# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND EUGENE HORNE, Sr., CDCR #G-01965,<br><br>                                Plaintiff,<br><br>vs.<br><br>ORANGE COUNTY SHERIFF'S DEP'T; UNKNOWN THEO MACY SHERIFF'S DEPUTIES,<br><br>                                Defendants. | Civil No.   08-0359 JLS (POR)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(3), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

      Roland Eugene Horne, Sr. ("Plaintiff"), a prisoner currently incarcerated at Wasco State Prison ("WSP"), in Wasco, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Orange County Sheriff's Department and several unnamed Theo Macy Sheriff's Department deputies failed to protect him from other inmates during a racially motivated attack while he was housed at the facility on September 23, 2007. (*See* Compl. at 3-6.) Plaintiff also claims to have been provided with constitutionally inadequate medical attention following the incident. (*Id.*) Plaintiff seeks both injunctive relief as well as damages. (*Id.* at 8.)

      Plaintiff has neither prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); nor has he filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

# I.

## LACK OF PROPER VENUE

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated at WSP, but he claims constitutional violations arising out of events which are alleged to have occurred at the Theo Macy Facility, which is located in the City of Orange, in Orange County, California. (*See* Compl. at 1-2.) Moreover, all Defendants are alleged to work as sheriff's deputies at Theo Macy; none is alleged to reside in the Southern District, which is comprised only of San Diego or Imperial Counties. (*Id.* at 2; *see also* 28 U.S.C. § 84(c)(3) ("The Central District of California comprises 3 divisions....[T]he Southern Division comprises Orange County"); 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue is proper in the Central District of California, Southern Division, pursuant to 28 U.S.C. § 84(c)(3), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

## II.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. § 84(c)(3), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: March 4, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] Because the Court finds transfer appropriate, it expresses no opinion as to whether Plaintiff's Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. § 1915A(b). *See Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (sua sponte screening provisions of 28 U.S.C. § 1915A(b)(1) & (2) require court to dismiss complaints filed by prisoners which are frivolous, malicious, fail to state a claim or seeking damages from immune defendants).